J-S08025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARSHALL AVERY BURNEY | : | |
| Appellant | : | No. 1223 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 16, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000102-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARSHALL AVERY BURNEY | : | |
| Appellant | : | No. 1224 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 16, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000103-2019

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| MARSHALL AVERY BURNEY | : | |
| Appellant | : | No. 1225 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 16, 2022
In the Court of Common Pleas of Luzerne County Criminal Division at
No(s): CP-40-CR-0000104-2019

BEFORE:   OLSON, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:                **FILED: APRIL 28, 2023**

In these consolidated appeals, Marshall Avery Burney (Appellant) appeals from the judgments of sentence entered in Luzerne County Court of Common Pleas, following his jury conviction, under three separate dockets, of multiple sexual offenses committed against his three minor stepdaughters.[1] Contemporaneous with this appeal, Appellant's counsel, Matthew P. Kelly, Esquire, has filed a petition to withdraw from representation and an ***Anders*** brief.  ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  The ***Anders*** brief presents a single challenge to the discretionary aspects of Appellant's sentence.  After review of the record, we grant Attorney Kelly's petition to withdraw and affirm the judgment of sentence.

In June of 2016, Appellant's then-wife reported to police that Appellant had been sexually abusing her three minor daughters — J.E. (age 13), M.K. (age 12), and L.K. (age 10).[2]  Appellant was subsequently charged, at three separate dockets, with the following offenses:  (1) at Docket No. CP-40-CR-

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] On September 15, 2022, this Court granted Appellant's application to consolidate these appeals. ***See*** Order, 9/15/22.

[2] The trial court presents a summary of the trial testimony in its opinion. ***See*** Trial Ct. Op., 11/17/22, at 3-7.  The abuse occurred for a number of years, and began when at least two of the girls were 7 years old. ***See id.*** at 3-5. On one occasion, Appellant's biological daughter, who did not live with him but was visiting, witnessed the abuse. ***See id.*** at 6.

0000102-2019 (Docket 102) — involuntary deviate sexual intercourse (IDSI), rape, corruption of minors, terroristic threats, endangering the welfare of children, and indecent assault[3] for the assault of J.E.; (2) at Docket No. CP-40-CR-0000103-2019 (Docket 103) — indecent assault, corruption of minors, and endangering the welfare of children for the assault of M.K.; and (3) at Docket No. CP-40-CR-0000104-2019 (Docket 104) — aggravated indecent assault of child,[4] corruption of minors, endangering the welfare of children, and terroristic threats for the assault of L.K.

On October 20, 2020, the trial court granted the Commonwealth's motion to consolidate the cases for trial. A three-day jury trial began on June 28, 2021. Appellant was represented by the Luzerne County Office of the Public Defender. On June 30th, the jury found Appellant guilty of all charges. That same day, the trial court ordered Appellant to undergo an assessment by the Sexual Offender's Assessment Board (SOAB) to determine if he met the criteria for classification as a sexually violent predator (SVP) pursuant to the Sexual Offenders Registration and Notification Act (SORNA).[5] **See** Order, 6/30/21, at 1-2 (unpaginated).

---

[3] **See** 18 Pa.C.S. §§ 3123(a)(3), 3121(a)(1), 6301(a)(1)(iii), 2706(a)(1), 4304(a)(1), and 3126(a)(4).

[4] 18 Pa.C.S. § 3125(b).

[5] 42 Pa.C.S. §§ 9799.11-9799.42 (Subchapter H); 42 §§ 9799.51-9799.42 (Subchapter I). **See also** 42 Pa.C.S. §§ 9799.11(c) (Subchapter H is applicable to those convicted of a sexually violent offense committed on or
*(Footnote Continued Next Page)*

After trial, the Public Defender's Office moved to withdraw due to a conflict of interest and John Pike, Esquire, was appointed as conflict counsel. On August 16, 2022, the trial court conducted a combined SVP/sentencing hearing. Appellant did not present any evidence contradicting the SOAB assessor's report that he met criteria for classification as an SVP. *See* N.T., 8/16/22, at 3-4. Therefore, the trial court classified Appellant as an SVP and imposed the following sentences: (1) at Docket 102, the court sentenced Appellant to two consecutive terms of 60 to 120 months' incarceration for IDSI and rape, three consecutive terms of 12 to 24 months for corruption of minors, terroristic threats, and indecent assault, and a concurrent term of 12 to 24 months for endangering the welfare of children; (2) at Docket 103, the court imposed two consecutive terms of 12 to 24 months' incarceration for indecent assault and corruption of minors, and a concurrent term of 12 to 24 months for endangering the welfare of children; and (3) at Docket 104, the court sentenced Appellant to a term of 60 to 120 months' incarceration for aggravated indecent assault of child, and three consecutive terms of 12 to 24 months for corruption of minors, endangering the welfare of children, and terroristic threats. The trial court directed that the sentences imposed at each docket run consecutively to each other. Thus, the aggregate sentence imposed was a term of 23 to 46 years' incarceration.

---

after December 20, 2012); 42 Pa.C.S. §§ 9799.52 (Subchapter I is applicable to those convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012).

On August 31, 2022, Appellant filed three timely notices of appeal, one at each trial court docket. Attorney Pike was granted permission to withdraw and present counsel, Attorney Kelly, was appointed. Attorney Kelly subsequently complied with the trial court's order to file a Pa. R.A.P. 1925(b) concise statement of errors complained of on appeal.[6]

When, as in the present case, counsel seeks to withdraw pursuant to *Anders* and its progeny:

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [Appellant].
>
> Prior to withdrawing as counsel on a direct appeal under *Anders,* counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago.* The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems

---

[6] The Commonwealth decided not to file a responsive brief, but rather submitted a letter to this Court indicating its agreement that the appeal is frivolous. *See* Commonwealth's Letter, 1/31/23.

worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super 2014) (citations & quotation marks omitted). Furthermore, "part and parcel of **Anders** is our Court's duty to review the record to insure no issues of arguable merit have been missed or misstated." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*) (citation omitted). Therefore, once we have determined counsel met the above requirements to withdraw, we "conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated." **Id.**

Instantly, we conclude Attorney Kelly has satisfied the technical requirements of **Anders** and **Santiago**. Attorney Kelly filed a petition to withdraw, stating that after "a conscientious review of the record," he has concluded the appeal is "wholly frivolous and that no meritorious issues exist." Petition to Withdraw as Counsel, 1/3/23, at 1 (unpaginated). Furthermore, he provided this Court with a copy of the letter he sent to Appellant, advising Appellant of his conclusion that "there are no meritorious issues to argue on appeal[,]" and informing Appellant of his right to "hire private counsel or proceed pro se and file [his] own brief in this matter." **See** Letter from Attorney Kelly to Appellant, 1/3/23. Attorney Kelly also indicated he attached a copy of the **Anders** brief to his letter to Appellant. Appellant has not filed a response.

Lastly, Attorney Kelly's **Anders** brief addresses a challenge to the discretionary aspects of Appellant's sentence, but concludes the issue is both

- 6 -

waived and meritless. ***See Anders*** Brief at 7-9. Accordingly, we must now "conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated." ***Yorgey***, 188 A.3d at 1197.

As noted above, Attorney Kelly presents one issue in the ***Anders*** brief: "Whether the trial court abused its discretion in sentencing . . . Appellant[?]" ***Anders*** Brief at 1. Specifically, Appellant contends his sentence is manifestly excessive because the trial court imposed most of the sentences to run consecutively to each other. ***Anders*** Brief at 7.

This claim presents a challenge to the discretionary aspects of sentencing. It is well established that such a claim does not entitle an appellant to "review as of right." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*). Rather,

> [b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:
>
>> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.*** (citation omitted).

In the present case, neither the certified record nor the trial docket indicate Appellant filed any motion to reconsider his sentence. Furthermore,

Appellant did not preserve this issue at his sentencing hearing. *See* N.T., 8/16/22, at 1-13. Therefore, he has failed to invoke this Court's jurisdiction, and has waived his challenge to the discretionary aspects of his sentence for our review. *See Commonwealth v. Benninger*, 269 A.3d 548, 567 (Pa Super 2022) (*en banc*).

Moreover, we note that even if Appellant had properly preserved this claim, he would still be entitled to no relief.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Caldwell*, 117 A.3d at 770 (citation omitted). It is well-settled that the decision to impose consecutive or concurrent sentences is within the trial court's sole discretion. *See* 42 Pa.C.S. § 9721(a). Moreover: "The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in **only the most extreme circumstances**, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Moury*, 992 A.2d 162, 171–72 (Pa. Super. 2010) (emphasis added). Indeed, a defendant is not entitled to a "volume discount" when he has committed multiple crimes. *See Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super 1995).

Here, the trial court explained in its opinion:

> [Appellant] was convicted of a number of very serious crimes, engaging in the sexual abuse of his three young step-daughters over a period of several years. All three described the years of repeated abuse perpetrated by [Appellant] when he was alone with them, ostensibly responsible for their care and protection. Given the nature of the serious criminal conduct involved, the facts here do not present a plausible argument that the sentence is prima facie excessive. An aggregate sentence of 23 to 46 years['] imprisonment is not so manifestly excessive or unduly harsh as to raise a substantial question in this case. . . .

Trial Ct. Op. at 10. The trial court provided a sufficient basis for its decision to impose consecutive sentences for several of Appellant's convictions. Thus, even if this claim were preserved, we would conclude no relief is warranted.

Consequently, we agree with Attorney Kelly that Appellant's sentencing claim is frivolous, and our independent review reveals no other non-frivolous issues for appeal. *See Yorgey*, 188 A.3d at 1197. Therefore, we grant Attorney Kelly's motion to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/28/2023

- 9 -